UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES B. ANDERSON, JR., | |
| Plaintiff, | Civil Action No. 2:19-cv-19926 (BRM) |
| v. | **MEMORANDUM AND ORDER** |
| OFC J. SALERNO, et al., | |
| Defendants. | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Charles B. Anderson, Jr., ("Plaintiff"), a prisoner currently confined at Northern State Prison in Newark, New Jersey, upon the filing of an amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 3.) Based on his affidavit of indigence (ECF No. 6), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Amended Complaint.

Federal law requires this Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Complaint in this action for dismissal and determined Plaintiff's claim for excessive force against Defendants Salerno, Wong, Parin, Breddie and Hein, in their individual capacities shall proceed.[1] Plaintiff's claim for sexual assault against Defendant Salerno shall also proceed. Defendants Eichenrauch and Slaughter are dismissed without prejudice because

---

[1] Plaintiff is seeking only monetary damages and, therefore, his claims against these defendants in their official capacities must be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, n.10 (1989) (state officials, sued in their official capacities, are not "persons" subject to a damages suit under section 1983); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

while they are named in the caption, none of the allegations in the body of the Amended Complaint relate to them.

The failure to protect claim against Defendants Director of Federal Bureau of Prisons, McFarland and Figueroa is also dismissed without prejudice.[2] While Plaintiff alleges he "begged multiple times to be returned back to federal custody with written requests," (Am. Compl. 1), there are no allegations he informed these Defendants about any risks to his health or safety. In fact, there are no allegations he provided the Defendants with *any* reasons why he should be returned to federal custody. Without further information, this claim cannot proceed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, and for good cause appearing,

**IT IS** on this 17th day of December 2019,

**ORDERED** that the Clerk of the Court shall make a new and separate entry marking this matter **RE-OPENED**; and it is further

**ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 6) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (ECF No. 3) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of Northern State Prison in Newark, New Jersey; and it is further

---

[2] For an Eighth Amendment claim "based on a failure to prevent harm, the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). For liability, the defendant must exhibit deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning if Plaintiff's case is administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's claim for excessive force against Defendants Salerno, Wong, Parin, Breddie and Hein in their individual capacities shall **PROCEED**; Plaintiff's claim for sexual assault against Defendant Salerno shall also **PROCEED**; Defendants Eichenrauch and Slaughter are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; Plaintiff's failure to protect claim against the Director of Federal Bureau of Prisons, McFarland and Figueroa is **DISMISSED WITHOUT**

**PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; to the extent Plaintiff wishes to file a second amended complaint to address the deficiencies identified herein, he may to do so in accordance with all federal and local rules; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Amended Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**