<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|  |  |
|---|---|
| **CHARLES B. ANDERSON, JR.,** | Civil Action No. 19-19926 (BRM) (JSA) |
| **Plaintiff,** | **REPORT AND RECOMMENDATION** |
| **v.** | |
| **OFFICER J. SALERNO, et al.,** | |
| **Defendants.** | |

<u>**JESSICA S. ALLEN, United States Magistrate Judge**</u>

This matter comes before the Court on *pro se* Plaintiff Charles B. Anderson's "Motion of Voluntary Dismissal Under F.R.Civ. P. Rule 55(a)," filed on April 26, 2021 (ECF No. 46), and the undersigned's subsequent Order to Show Cause issued on May 10, 2021, why the action should not be dismissed, pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 47). Defendants Salerno, Wong, Parin, Reddie and Hein (collectively "Defendants") do not oppose the motion. (ECF No. 48). The Honorable Brian R. Martinotti, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, for the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's unopposed motion be **GRANTED** and that the action be dismissed.

## I.    RELEVANT BACKGROUND

On November 5, 2019, Plaintiff, a federal prisoner confined at Northern State Prison in Newark, New Jersey, filed this civil rights action, pursuant to 42 U.S.C. §1983, against several defendant officers and the Director of the Federal Bureau of Prisons. (*See generally Compl.*, at

ECF No. 1).  Plaintiff was twice granted leave to amend his complaint.  On December 17, 2019, District Judge Martinotti issued a Memorandum and Order, allowing Plaintiff's claim for excessive force against Defendants in their individual capacities to proceed, allowing Plaintiff's claim for sexual assault against Defendant Salerno to proceed, dismissing without prejudice Plaintiff's claim against Defendants Eichenrauch and Slaughter, and dismissing without prejudice Plaintiff's failure to protect claim against the Director of Federal Bureau of Prisons, McFarland, and Figueroa.  (*See* 12/17/19 Memo. & Order at 3-4, at ECF No. 8).  District Judge Martinotti further ordered that to the extent Plaintiff wished to file a second amended complaint to address the deficiencies identified in the Memorandum and Order of December 17, 2019, Plaintiff was permitted to do so in accordance with all federal and local rules.

As best can be gleaned from the parties' subsequent pleadings, on December 17, 2019, Plaintiff filed the Second Amended Complaint.  (*See* ECF No. 9).  On August 11, 2020, Defendants filed an Answer.  (*See* ECF No. 26).    On September 13, 2020, Defendants filed an Amended Answer.  (*See* ECF No. 28).  On September 25, 2020, Plaintiff moved to further amend his complaint, which the Honorable Joseph A. Dickson, U.S.M.J., granted on January 8, 2021.  (ECF No. 35).  On February 2, 2021, Defendants filed an Answer to Plaintiff's Second Amended Complaint.  (*See* ECF No. 38).

On April 26, 2021, Plaintiff filed the instant motion to voluntarily dismiss the action, pursuant to Fed. R. Civ. P. 55(a).  (ECF No. 46).  Based on this Court's review of his motion papers, it appears that Plaintiff claims to have been charged by indictment with aggravated assault in New Jersey Superior Court, Middlesex County.  (*See id.* at 1).  He further submits that the state prosecutors have agreed to dismiss the felony aggravated assault charge, have allowed him to plead to a lesser misdemeanor charge, and have allowed his state sixty-day sentence of incarceration to

run concurrently with his federal sentence for armed bank robbery. (*See id.*) He further submits that, in light of this agreement with the state prosecutors and state court judge presiding over his state criminal case, Plaintiff now seeks to voluntarily dismiss the instant civil rights action. (*See id.*)

Pursuant to the undersigned's Order to Show Cause of May 10, 2021, any party opposing dismissal of the action had until June 1, 2021, to show cause why the action should not be dismissed pursuant to Rule 41(a)(2).[1] (ECF No. 47). If no objections were filed by June 1, 2021, this Court indicated that it would recommend to District Judge Martinotti that this action be dismissed. (*Id.*). On May 17, 2021, Defendants filed a response, stating that they do not oppose the voluntary dismissal of this action. (ECF No. 48). Plaintiff, however, did not file any objection or response by the court imposed deadline of June 1, 2021.

Out of an abundance of caution, and given Plaintiff's *pro se* status, the Court issued an Order on July 1, 2021, directing the Clerk of the Court to mail another copy of the Court's Order to Show Cause (ECF No. 47), along with a copy of the July 1, 2021 Order, to Plaintiff. (ECF No. 49). Pursuant to the undersigned's Order of July 1, 2021, Plaintiff had until July 29, 2021, to file any objection to this Court recommending dismissal of the action pursuant to Rule 41(a)(2). (*Id.*) To date, Plaintiff has not filed any response or objection in compliance with this Court's May 10, 2021, Order to Show Cause or July 1, 2021, Order.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)A) provides that a plaintiff may dismiss an action

---

[1] In its Order to Show Cause, the Court noted that although Plaintiff moves for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 55(a), that Rule governs entry of default. (5/10/21 Order). This Court further noted that Plaintiff appears to be requesting a voluntary dismissal of the action by court order, and thus Plaintiff's request appears to be more appropriately governed by Fed. R. Civ. P. 41(a)(2). (*Id.*)

3

as of right only by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). *See Williams v. Wells Fargo Bank, NA*, Civ. No. 19-888 (BRM), 2020 U.S. Dist. LEXIS 75866, at *11 (D.N.J. Apr. 28, 2020). Otherwise, as in the instant case, Rule 41(a)(2) applies, which governs dismissals by court order.[2] Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). *See Carroll v. E One Inc.*, 893 F.3d 139, 145-46 (3d Cir. 2018). As stated by the Third Circuit, such motions generally "should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). *See Morano v. BMW of N. Am., LLC*, Civ. No. 12-606 (KM), 2015 U.S. Dist. LEXIS 76510, at *9 (D.N.J. Jun. 11, 2015).

Here, Defendants do not oppose Plaintiff voluntarily dismissing the action. (*See* ECF No. 48). In their written response, Defendants do not claim that they will suffer any prejudice if dismissal is allowed. (*See id.*) As such, dismissal will not likely result in prejudice to Defendants. Additionally, as Plaintiff appears to be requesting dismissal of the action by court order, which is governed by Rule 41(a)(2), and given his pro se status, this Court afforded him more than two months to submit any objections to its Orders, wherein the Court indicated that dismissal would be recommended. (*See* ECF Nos. 47 & 49). To date, Plaintiff has not done so. Therefore, this

---

[2] Plaintiff does not have the option to voluntarily dismiss the action, pursuant to Rule 41(a)(1). First, Defendants have served and filed an answer to the complaint, and thus Plaintiff could not simply file a notice of dismissal, pursuant to Rule 41(a)(1)(A)(i). Further, Plaintiff did not file a stipulation of dismissal signed by Defendants as permitted by Rule 41(a)(1)(A)(ii). As such, Plaintiff could properly request a dismissal of this action only by court order, pursuant to Rule 41(a)(2).

Court finds it is proper to allow dismissal of the action at Plaintiff's request, but pursuant to Rule 41(a)(2), rather than Rule 55(a).

### III.    CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion seeking dismissal of this civil action be **GRANTED**, pursuant to Federal Rule of Civil Procedure 41(a)(2), rather than pursuant to Federal Rule of Civil Procedure 55(a).  The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Brian R. Martinotti, U.S.D.J.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Plaintiff.

Dated: September 2, 2021

s/ Jessica S. Allen
Hon. Jessica S. Allen
United States Magistrate Judge

cc:    Hon. Brian R. Martinotti, U.S.D.J.